**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Keith Foreman,                                                       Case No. 3:13CV883

        Petitioner

     v.                                                        **ORDER**

Maureen O'Connor, Judge,

        Respondent.

Petitioner Keith Foreman has filed a petition for a writ of mandamus against Maureen O'Connor, the Chief Justice of the Ohio Supreme Court. (Doc. 1). Petitioner, who is incarcerated at the North Central Correctional Complex (N.C.C.C.) in Marion, Ohio, alleges Chief Justice O'Connor has a duty to award him 3,010 days of Jail Time Credit (JTC).

While the mandamus petition was pending, petitioner filed a habeas corpus petition under 28 U.S.C. § 2254. (Doc. No. 4). In that pleading petitioner alleges the state courts had no discretion to deny him the additional JTC to which, he claims, he is entitled.

The day after filing his § 2254 petition, petitioner filed a writ of habeas corpus ad testificandum. (Doc. No. 5). The thrust of that pleading is that petitioner has a right to appear before me to prosecute his mandamus and habeas corpus petitions.

For the reasons set forth below, I dismiss this case.

## Background

In 2006, the Hancock County Grand Jury indicted petitioner on multiple charges relating to his involvement in cocaine trafficking. *State v. Foreman*, No. 2006 CR 199 (Hancock Cnty.). The indictment charged him with:

- engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree (Count One);

- complicity to trafficking in cocaine in violation of R.C. 2923.03(A)(1)-(2), a felony of the fourth degree (Count Two);

- trafficking in cocaine in violation of R.C. 2925.03(A) while within 100 feet of a juvenile, a felony of the third degree (Count Three);

- trafficking in cocaine in violation of R.C. 2925.03(A), a felony of the fourth degree (Count Four);

- complicity to trafficking in cocaine in violation of R.C. 2923.03(A)(1),(2), a felony of the third degree (Count Five);

- complicity to trafficking in cocaine in violation of R.C. 2923.03(A)(1),(2), a felony of the fifth degree (Count Six);

- complicity to trafficking in cocaine in violation of R.C. 2925.03(A)(1),(2), with a specification that such offense was committed within 1,000 feet of a school, a felony of the fourth degree (Count Seven);

- one count of trafficking in cocaine in violation of R.C. 2925.03(A), with a specification that such offense was committed within 1,000 feet of a school, a felony of the third degree (Count Eight);

- trafficking in cocaine in violation of R.C. 2925.03(A), a felony of the fourth degree (Count Nine);

- trafficking in cocaine in violation of R.C. 2925.03(A), a felony of the fourth degree (Count Ten); and

- possessing cocaine in violation of R.C. 2925.11(A), a felony of the first degree (Count Eleven).

Petitioner pled guilty to all charges, and the trial judge imposed an aggregate, sixteen-year prison sentence. The judge also granted petitioner 288 days of JTC, plus thirteen days credit for time spent in custody before his transfer to the Ohio Department of Rehabilitation and Correction.

Petitioner then filed three unsuccessful appeals in the Ohio Third District Court of Appeals. In none of those appeals did petitioner argue that the trial judge erroneously calculated the amount of JTC to which he was entitled.

In October, 2012, petitioner filed a "Motion for Correction of Jail Time Credit" in the state trial court. Relying on *State v. Fugate*, 117 Ohio St. 3d 261 (2008), he argued the trial court improperly calculated the amount of JTC to which he was entitled. The trial court ruled that petitioner received all JTC he should have received and denied the motion.

In December, 2012, petitioner filed a "Petition for Writ of *Procendendo*" in the state appellate court, purporting to challenge the trial court's refusal to award him additional JTC. The court of appeals advised petitioner that "relief by extraordinary writ of procendendo is not a substitute for [an] untimely appeal" and dismissed the petition. *Foreman v. Routson*, No. 5-12-36 (Ohio App. Jan. 8, 2013).

Petitioner then filed a "Complaint in Writ of Mandamus" in the Supreme Court of Ohio, contending that the trial court improperly denied him JTC. The state supreme court dismissed the complaint in March, 2013. *See Ohio v. Foreman*, No. 2013-0116 (Ohio Sup. Ct. Jan. 18, 2013).

**Discussion**

**A. Mandamus Petition**

Petitioner seeks relief in the form of a mandamus petition against Chief Justice O'Connor. Petitioner argues Justice O'Connor has a clear duty to uphold his "Constitutional Substantial Rights to Statutory and Mandatory Jail Time Credit" that the state trial court refused to award him. (Doc. 1 at 2).

Although petitioner does not identify the legal basis for his mandamus request, I note that 28 U.S.C. § 1651 empowers district courts to issue a writ of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Justice O'Connor, however, is not a federal officer or employee; she is an officer of the State of Ohio. And it is well-settled that "federal courts have no authority [under § 1651] to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970); *Bradley v. Tate*, 165 F.3d 26, *2 (6th Cir. 1998) (federal courts lack subject-matter jurisdiction to issue mandamus writs directing state courts officers in the performance of their official duties).

Accordingly, I dismiss the mandamus petition for lack of subject-matter jurisdiction.

**B. Habeas Corpus Petition**

Under Rule 4 of the Rules Governing Section 2254 Cases, I must undertake a preliminary review of petitioner's habeas petition to determine whether "it plainly appears from the face of the petition . . . that [he] is not entitled to relief [.]" If I determine that he is not entitled to relief, I may dismiss the petition. *Clark v. Waller*, 490 F.3d 551, 554-556 (6th Cir. 2007).

Petitioner must surmount several procedural hurdles – the exhaustion requirement, the procedural default rule, and the statute of limitations among them – before I may consider the merits of his claims.

### 1. Procedural Default

Generally, state prisoners must exhaust available state-court remedies before seeking habeas relief. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). The exhaustion requirement is satisfied once a petitioner fairly presents his claims to each level of the state-court system for those courts' review. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner fairly presents his claim by giving the state courts a meaningful opportunity to understand the factual and legal bases of his claim. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). To determine whether a petitioner has "fairly presented" his claim to the state courts, I consider whether he: 1) phrased the claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right; 2) relied upon federal cases employing relevant constitutional law; 3) relied upon state cases employing the relevant federal constitutional analysis; or 4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004).

However, if the petitioner exhausts his state-court remedies without fairly presenting his federal constitutional claims, the claims are procedurally defaulted. Furthermore, if a state court rejects the petitioner's claim because he did not comply with a state procedural requirement, the claim is also procedurally defaulted. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In this case, petitioner failed to appeal the state trial court's judgment denying additional JTC. Instead, petitioner attempted to attack that judgment by filing a petition for a writ of procendendo in the Ohio Court of Appeals. But as the state court explained, a writ of procendendo cannot substitute for an untimely appeal.

Accordingly, petitioner failed to raise his JTC in the state appellate court in the manner prescribed by state law, and the state court relied on that failure in declining to address petitioner's claim. Thus, petitioner procedurally defaulted his JTC claim. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

### 2. Exceptions to Procedural Default

A defaulted claim will not be reviewed unless the petitioner can demonstrate: 1) cause for the default and actual prejudice from the alleged violation of federal law; or 2) that failing to consider the claim will result in a fundamental miscarriage of justice. *Id.* at 751.

To allege "cause" only requires a legitimate excuse for the default. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to establish cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Petitioner has not argued that I should excuse his default, and the record suggests no grounds to do so. Accordingly, I may not review the merits of petitioner's claim, and I dismiss his habeas petition in accordance with Rule 4.

### C. Habeas Corpus ad Testificandum

I have authority under 28 U.S.C. § 2241(c)(5) to issue a writ of habeas corpus ad testificandum to a prisoner when "[i]t is necessary to bring him into court to testify or for trial." *Sales*

*v. Marshall*, 873 F.2d 115, 118 (6th Cir. 1989). However, petitioner is not entitled to relief on either his mandamus petition or his habeas corpus petition, so it is unnecessary to order him brought before me. *See* 28 U.S.C. § 2243; *Sales*, 873 F.2d at 118.

## Conclusion

Based on the foregoing, it is

ORDERED THAT

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted.

2. The petition for a writ of mandamus (Doc. 1) is dismissed for lack of subject-matter jurisdiction; and

3. The petition for a writ of habeas corpus (Doc. 4) and the writ of habeas corpus ad testificandum (Doc. 5) are dismissed.

Furthermore, I certify that, in accordance with 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge